**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**JOHN KOTRUCH,**

                        **Plaintiff,**

     v.                                                    5:22-CV-1343
                                                                      (FJS/ML)

**THOR MOTOR COACH, INC.;**
**MEYER'S RV CENTERS, LLC;**
**FREIGHTLINER CUSTOM CHASSIS**
**CORPORATION; and UNITED**
**SERVICE PROTECTION CORP.,**

                        **Defendants.**

_____

| APPEARANCES | OF COUNSEL |
|---|---|
| **BURDGE LAW OFFICE**<br>8250 Washington Village Drive<br>Dayton, Ohio 45458<br>Attorneys for Plaintiff | **ELIZABETH A. WELLS, ESQ.** |
| **ADAMS LECLAIR LLP**<br>28 East Main Street<br>Suite 1500<br>Rochester, New York 14614<br>Attorneys for Defendants<br>Thor Motor Coach, Inc.,<br>Meyer's RV Centers, LLC, and<br>United State Service Protection Corp. | **ERIN F. CASEY, ESQ.**<br>**STACEY E. TRIEN, ESQ.** |
| **WEBSTER SZANYI LLP**<br>424 Main Street<br>Suite 1400<br>Buffalo, New York 14202<br>Attorney for Defendant<br>Freightliner Custom Chassis Corporation | **THOMAS S. LANE, ESQ.** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND

**A.    Factual Background**

On December 28, 2019, Plaintiff purchased a 2019 Thor "Tuscany 45MX" "brand new, fully outfitted, luxury motor home" (hereinafter referred to as "the RV") from Defendant Meyer's RV Centers in Syracuse, New York. *See* Dkt. No. 21, Amend. Compl., at ¶¶ 9, 27. Plaintiff alleges that Defendant Thor Motor Coach manufactured, assembled, and placed the RV into the stream of commerce; and, in its construction, Defendant Thor acquired and used a chassis made by Defendant Freightliner Custom Chassis Corporation ("Defendant Freightliner").[1] *See id.* at ¶ 28-1.[2]

According to Plaintiff, immediately after acquiring the RV, he discovered a number of severe manufacturing flaws, defects, and non-conformities, including the following: (1) water leakage in the driver's cabin and living quarters; (2) alternator, air conditioning systems, and/or coolant line leaks or "smart wheel" failure defects; (3) non-functioning toilet; (4) defects in the heating system; (5) non-functioning vehicle turning cameras and back-up cameras; and (6) interior paneling pulling away from the wall. *See id.* at ¶ 28-2. Since Plaintiff purchased the RV,

---

[1] Defendants Meyer's RV Centers and Thor Motor Coach do not join in the present motion; instead, they have already moved to dismiss Plaintiff's Amended Complaint against them. This Court granted in part and denied in part that motion. *See* Dkt. No. 31, Memorandum- Decision and Order, dated Aug. 14, 2023. Defendant United Service Protection Corp. has answered Plaintiff's Amended Complaint. *See* Dkt. No. 37.

[2] Plaintiff has misnumbered his Amended Complaint, resulting in two paragraphs numbered 28 and 29. For clarity, I refer to the first set of paragraphs 28 and 29 as 28-1 and 29-1 and the second set as 28-2 and 29-2.

Defendants collectively, through authorized representative repair facilities, were unable to effectively repair the RV. *See id.* at ¶¶ 3, 15-18.

B.     **Procedural Background**

Plaintiff commenced this action on December 14, 2022. *See* Dkt. No. 1, Compl. The Court granted Plaintiff leave to file an Amended Complaint, which he filed on March 17, 2023. *See* Dkt. Nos. 18, 21. Defendants Meyer's RV and Thor subsequently moved to dismiss the Amended Complaint against them, which this Court granted in part and denied in part. *See* Dkt. No. 31 (denying "with respect to Plaintiff's second cause of action for common law fraud against Defendant Meyer's RV" and granting "in all other respects").

Plaintiff's claims remaining before the Court "include the following: (1) breach of warranty against Defendant Freightliner [and Plaintiff's Magnuson-Moss Warranty Act claim which follows from the state-law breach of warranty claims]; (2) common law fraud against Defendant Meyer's RV; (3) breach of contract against Defendant United Service Protection Corporation; and (4) violations of New York's Motor Vehicle Lemon Law against Defendant Freightliner."[3]  *See id.* at 31 n.13.

---

[3] In the pending motion, Defendant Freightliner moves for judgment on the pleadings as to all claims against it, including Plaintiff's claims under New York's Lemon Law. *See* Dkt. No. 43-4. In Defendants Thor and Meyer's RV motion to dismiss, this Court dismissed Plaintiff's New York Lemon law claims against Defendant Thor because New York's Lemon Law requires the vehicle to be "purchased and registered [. . .] in New York." *See* Dkt. No. 31 at 31-32. Plaintiff conceded that he did not register the RV in New York; and therefore, this Court found he was not protected under New York's Lemon Law. *See id.* at 32.

Defendant Freightliner argues the Court should dismiss Plaintiff's New York Lemon Law claim against it for the same reason. *See* Dkt. No. 43-4. Plaintiff still maintains his argument that New York's Lemon Law applies to vehicles that are purchased *or* registered in New York and improperly asks this Court to "reconsider its determination that the motor home is not subject to New York's Lemon Law unless it was both purchased *and* registered in New York."

3

Now before the Court is Defendant Freightliner's motion for judgement on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.[4] *See* Dkt. No. 43. Plaintiff opposes this motion. *See* Dkt. No. 48.

## II. DISCUSSION

**A.     Timeliness of Plaintiff's breach of express warranty cause of action[5]**

Defendant Freightliner asserts that judgement on the pleadings is merited, as to the claims against it, because Plaintiff's express breach of warranty cause of action, is barred as untimely under the statute of limitations provided in New York Uniform Commercial Code ("NY UCC") § 2-725. *See* Dkt. No. 43-4. Defendant Freightliner seeks judgement on the pleadings as to Plaintiff's federal Magnuson-Moss Warranty Act claim for the same reason because this federal cause of action adopts the NY UCC four-year statute of limitations. *See* Dkt. No. 43-4 at 13-16; *see also Levin v. Johnson & Johnson*, No. CV 16-6631 (JS) (AYS), 2019 U.S. Dist. LEXIS 101091, *12 (E.D.N.Y. June 17, 2019) (citing *Murungi v. Mercedes Benz Credit Corp.*, 192 F.

---

*See* Dkt. No. 48 at 13 (emphasis added). Even if Plaintiff had properly asked this Court to reconsider its previous decision and even if this Court were to reconsider its decision, the Court would again find that the controlling language of New York's Lemon Law requires both purchase and registration of a vehicle in New York for the purchase to be protected, regardless of other sections of the law that Plaintiff cites. *See* Dkt. No. 31 at 28-32. For the above-stated reasons, the Court grants Defendant Freightliner's motion for judgement on the pleadings as to Plaintiff's New York Lemon Law claim.

[4] "The standard for a motion for judgement on the pleadings . . .'is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim.'" *Rayburn v. CSX Transp., Inc.*, 8:17-CV-48 (LEK/CFH), 2017 U.S. Dist. LEXIS 180266, *5 (N.D.N.Y. Oct. 31, 2017) (quotation omitted).

[5] Plaintiff concedes its cause of action for breach of implied warranty and only argues breach of express warranty. *See* Dkt. No. 48, Plaintiff's Memorandum of Law in Response, at 7.

Supp. 2d 71, 79 (W.D.N.Y. 2001); *Woods v. Maytag Co.*, 2010 U.S. Dist. LEXIS 116595, 2010 WL 4314313 *2 (E.D.N.Y. 2010)).

To resolve the present motion, the Court must consider (1) whether the four-year statute of limitations period began with delivery of the Defendant Freightliner chassis to Defendant Thor or with delivery of the RV to Plaintiff and (2) whether, in applying the limitations period, the Court may consider the exhibits Defendant Freightliner provided as "integral" to Plaintiff's Amended Complaint. The Court will address each of these issues in turn.

### *1. Whether NY UCC § 2-275's four-year statute of limitations runs from delivery of the Defendant Freightliner chassis to Defendant Thor or from delivery of the RV to Plaintiff*

The NY UCC provides a four-year statute of limitations for an express warranty claim. *See* NY UCC § 2-725(1) (providing that a claim "must be commenced within four years after the cause of action has accrued"). A cause of action for "[a] breach of warranty occurs when tender of delivery is made[.]" NY UCC § 2-725(2). Defendant Freightliner argues the cause of action against it accrued upon delivery of the Freightliner component chassis to Defendant Thor, while Plaintiff argues his cause of action against Defendant Freightliner accrued upon delivery of the RV to him.

For an express breach of warranty claim, "the statute begins to run when 'the product is placed in the stream of commerce or at the time of sale by the manufacturer.'" *Baker v. Stryker Corp.*, 770 F. App'x 12, 15 (2d Cir. 2019) (summary order) (quoting *Schrader v. Sunnyside Corp.*, 297 A.D.2d 369, 747 N.Y.S.2d 26, 28 (2002)). "'This rule is equally applicable to suits by a party not in privity with the manufacturer.'" *Bausenwein v. Snap-On Inc.*, 529 F. Supp. 3d 31, 42 (N.D.N.Y. 2021) (quoting *Vanata v. Delta Int'l Mach Corp.*, 269 A.D.2d 175, 176, 702 N.Y.S.2d 293 (N.Y. App. Div. 1st Dep't 2000)).

This principle was established in *Heller v. U.S. Suzuki Motor Corp.*, 64 N.Y.2d 407 (N.Y. 1985). In *Heller*, the New York Court of Appeals held "a cause of action against a manufacturer or distributor accrues on the date the party charged tenders delivery of the product, not on the date that some third party sells it to plaintiff." *Id.* at 411 (citations omitted). The court reasoned this was proper and did not extend the accrual date of the cause of action to the date of sale to the plaintiff because to find in the alternative would unpredictably extend the period of exposure to liability "because the product may have left the hands of remote third parties such as the manufacturer or the distributor years earlier." *Id.* at 412.[6]

Here, Defendant Freightliner is the manufacturer of the chassis that Defendant Thor used to construct the RV. *See* Dkt. No. 21 at ¶¶ 10, 12. Subsequently, Defendant Meyer's RV sold the RV to Plaintiff. *See id.* at ¶ 13. Following the New York Court of Appeals in *Heller* and subsequent case law, the Court holds that the statute of limitations as to Plaintiff's breach of

---

[6] The dissent in *Heller* vehemently opposed the majority holding, reasoning that "there cannot be a warranty running from manufacturer to consumer until there is a consumer and that in the nature of the transaction there is no consumer until delivery by the dealer-retailer of the product to a particular purchaser." 64 N.Y.2d at 414. The dissent concluded that the Legislature's true intent "to protect the ultimate user requires the conclusion that the cause of action accrues when the user receives the product[.]" *Id.* at 417.

This dissent is Plaintiff's strongest possible argument that the statute of limitations for his express warranty claim only began to run upon the delivery of the RV to him. However, no New York state court has ever adopted the dissent's reasoning. Instead, the holding in *Heller* remains good law and has been cited in numerous cases. *See Rissew v. Yamaha Motor Co., LTD*, 515 N.Y.S.2d 352, 355 (N.Y. App. Div. 4th Dep't 1987) (holding tender of delivery of the motorcycle in question by defendant manufacturer and defendant distributor respectively governed the statute of limitations; and, therefore, holding the plaintiff's claim was untimely); *see also New York Cent. Mut. Fire Ins. Co. v. Glider Oil Co., Inc.*, 936 N.Y.S.2d 815, 818-19 (N.Y. App. Div. 4th Dep't 2011) (holding tender of delivery of the liquid propane gas tank and supply system governed the statute of limitations; and, therefore, holding the claim was time barred); *Jackson v. Eddy's LI RV Ctr., Inc.*, 845 F. Supp. 2d 523, 534 (E.D.N.Y. 2012) (holding tender of delivery "likely" occurred upon delivery of the component chassis to the manufacturer; and, therefore, holding the warranty claim was time barred).

warranty claim against Defendant Freightliner began to run upon Defendant Freightliner's delivery of its chassis to Defendant Thor.[7],[8].

---

[7] Plaintiff abandons his implied breach of warranty claim and attempts to distinguish cases on which Defendant Freightliner relied as only applying to implied warranties and not express warranties. *See* Dkt. No. 48 at 10-11 (discussing *New York Cent. Mut. Fire Ins.*, 90 A.D.3d at 1638; *Rissew* [*v. Yamaha Motor Co.*], 129 A.D.2d 94, 99 (App. Div. 4th Dep't 1987); *Heller v. U.S. Suzuki Motor Corp.*, 64 N.Y.2d 407, 410 (1985)); *see also id.* at 12 (discussing *Jackson v. Eddy's LI RV Ctr., Inc.*, 845 F. Supp. 2d 523 (E.D.N.Y. 2012)).

     In fact, Plaintiff's attempt to distinguish these cases from the present case on the distinction of breach of express or implied warranties is not persuasive. Upon the Court's review of these cases, their holdings seem to apply to both express and implied warranties.

[8] Plaintiff relies on *New York Cent. Mut. Fire Ins. Co. v. Glider Oil Co., Inc.,* 90 A.D. 3d 1638, 936 N.Y.S.2d 815 (App. Div. 4th Dep't 2011), to support his interpretation of the statute of limitations beginning to run only upon delivery of the RV. *See* Dkt. No. 48 at 12.

     Plaintiff misinterprets *Glider* in his favor. In *Glider*, a plaintiff insurer sued defendants, a contractor and gas company, for negligence, breach of contract, breach of warranty, and strict products liability after a gas explosion destroyed a home the contractor built. *See id.* at 1638. The homeowner had contracted, separate from the main construction contract, for the defendant gas company to install a liquid propane gas tank and supply system. *See id.* at 1638-39. The defendant gas company moved for summary judgement on the breach of warranty claim against it as time barred. *See id.* at 1640. The Supreme Court, Onondaga County, found the four-year statute of limitations began to run upon tender of delivery of the liquid propane system, which was the installation of the system, and granted summary judgement as to the breach of warranty claim; the Fourth Department affirmed. *See id.*

     *Glider* conforms more to Defendant Freightliner's position that tender of delivery starts the statute of limitations clock because the statute of limitations began to run as to the liquid propane system upon its installation and not upon the delivery of the entire house to the homeowner.

### *2. Whether the Court may consider the exhibits Defendant Freightliner provided as "integral" to Plaintiff's Amended Complaint.*

Defendant Freightliner's motion relies on documents outside Plaintiff's Amended Complaint to establish the date that Defendant Freightliner delivered the chassis used to construct the RV, to Defendant Thor. *See* Dkt. No. 43-2, Rosenbach Declaration; *see also* 43-3, Warranty Registration. Plaintiff asserts that the Court cannot properly consider these extrinsic documents.[9] *See* Dkt. No. 48 at 7-9.

Generally, a court may not consider material extraneous to the complaint unless it is "'attached to the complaint as an exhibit or incorporated in it by reference[.]'" *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quotation omitted). "[E]ven if a document is not incorporated by reference in the complaint, the court may still consider it when the complaint "'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint.'" *Honeywell Int'l Inc. v. Citgo Petroleum Corp.*, 574 F. Supp. 3d 76, 81-82 (N.D.N.Y. 2021) (quoting *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (internal quotations omitted)).

When considering a statute of limitations defense on a Rule 12(b)(6) motion or a Rule 12(c) motion, the defense must "'appear[] on the face of the complaint.'" *Robb v. Brewster*, No.

---

[9] Plaintiff argues that this Court should not convert Defendant Freightliner's present motion to a motion for summary judgement because of the prejudice caused by lack of notice. *See* Dkt. No. 48 at 8-9. The Court does not need to consider this argument. Defendant Freightliner only argues that these documents are "integral to the complaint" and thus that this Court should consider them without conversion of the present motion to a summary judgement motion. *See* Dkt. No. 51 at 12-14. This Court refuses to, *sua sponte*, convert the present motion to a motion for summary judgement.

23-116-cv, 2024 U.S. App. LEXIS 8381, *3 (2d Cir. Apr. 8, 2024) (summary order) (quoting *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014)).

Here, the only date that is clear on the face of Plaintiff's Amended Complaint is the date Plaintiff purchased the RV, which, as discussed above, does not determine when the statute of limitations for Plaintiff's warranty claims begins to run. *See* Dkt. No. 21 at ¶ 27. Defendant Freightliner attached an internal document to its motion and asks this Court to find it is integral to Plaintiff's complaint. However, Plaintiff was not aware of this document and did not rely on this document, its terms or effect, to state a claim against Defendant Freightliner.[10]

The Court finds this document is not "integral" to Plaintiff's complaint and looks only to Plaintiff's complaint, which does not establish the operative date for determining when the statute of limitations began to run for purposes of Plaintiff's breach of express warranty claim. Therefore, the Court denies Defendant Freightliner's motion for judgment on the pleadings regarding Plaintiff's breach of express warranty claim.

### III. CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

---

[10] Previously, when addressing Defendants Thor and Meyer's RV's motion to dismiss, the Court held that Plaintiff's purchase contract and other sales documents, which Plaintiff did not directly incorporate by reference, were integral to the Plaintiff's complaint because "Plaintiff's counsel [was] aware of the fifteen-month limitations period in Defendant Thor's Limited Warranty," *see* Dkt. No. 31 at 13 n.8; and therefore, Plaintiff likely considered them when he drafted his complaint. With regard to Defendant Freightliner, however, Plaintiff was unaware of Defendant Freightliner's internal document establishing the date on which Defendant Freightliner delivered the chassis to Defendant Thor. Therefore, Plaintiff could not have relied on this document when he drafted his complaint. For this reason, the Court declines to consider this internal document, of which Plaintiff apparently had no knowledge, as integral to Plaintiff's complaint.

9

**ORDERS** that Defendant Freightliner's motion for judgement on the pleadings, *see* Dkt. No. 43, is **GRANTED IN PART AND DENIED IN PART**; and the Court further

**ORDERS** that Defendant Freightliner's motion for judgement on the pleadings as to Plaintiff's New York Lemon Law claim against Defendant Freightliner is **GRANTED** and this claim is **DISMISSED with prejudice**; and the Court further

**ORDERS** that Defendant Freightliner's motion for judgment on the pleadings as to Plaintiff's breach of express warranty claim against Defendant Freightliner is **DENIED**; and the Court further

**ORDERS** that Defendant Freightliner's motion for judgment on the pleadings as to Plaintiff's Magnuson-Moss Warranty Act claim against Defendant Freightliner is **DENIED**; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Lovric for all further pretrial matters.

**IT IS SO ORDERED.**

Dated: December 27, 2024
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge